M/D-2

## FORM FOR USE IN APPLICATIONS

### FOR HABEAS CORPUS UNDER 28 U.S.C. §2254

RECEIVED

2005 JUN 14 A 9: 52

CHARLES LOUIS PETERSON
**Name**

DEBRA P. HAC~~~~
U.S. DISTRICT ~~~~ CLK
MIDDLE DIST~~~~ COURT
~~~~ ALA

193772
**Prison Number**

EASTERLING PRISON 200 Wallace Drive 36017-2615
**Place of Confinement**

United States District Court _____ MIDDLE _____ District of ALABAMA

Case No.   2:05cv567-F
**(To be supplied by Clerk of U. S. District Court)**

CHARLES LOUIS PETERSON
_____, PETITIONER
**(Full name) (Include name under which you were convicted)**

GWENDOLYN C. MOSLEY
_____, RESPONDENT
**(Name of Warden, Superintendent, Jailor, or authorized person having custody of Petitioner)**

and

THE ATTORNEY GENERAL OF THE STATE OF _____ ALABAMA _____

TROY KING
_____, ADDITIONAL RESPONDENT.

(if petitioner is attacking a judgment which imposed a sentence to be served in the <u>future</u>, petitioner must fill in the name of the state where the judgment was entered.  If petitioner has a sentence to be served in the <u>future</u> under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment.)

## PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

### INSTRUCTIONS--READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the petitioner under penalty of perjury.  Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

The Judicial Conference of the United States has adopted, effective 1/1/83, the 8-1/2 x 11 inch paper size standard for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings, etc. filed after 12/31/82 must be on 8-1/2 x 11 inch paper, otherwise we cannot accept them.

(2) Additional pages are not permitted except with respect to the <u>facts</u> which
you rely upon to support your grounds for relief.  No citation of authorities
need be furnished.  If briefs or arguments are submitted, they should be
submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to
proceed <u>in forma pauperis</u>, in which event you must execute the declaration
on the last page, setting forth information establishing your inability to
prepay the fees and costs or give security therefor.  If you wish to proceed
<u>in forma pauperis</u>, you must have an authorized officer at the penal institution
complete the certificate as to the amount of money and securities on deposit
to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single petition.
If you seek to challenge judgments entered by different courts either in the
same state or in different states, you must file separate petitions as to
each court.

(6) Your attention is directed to the fact that you must include all grounds for
relief and all facts supporting such grounds for relief in the petition you
file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, <u>the original and two copies</u> must be
mailed to the Clerk of the United States District Court whose address is
<u>        P. O. Box 711, Montgomery, Alabama  36101        </u>
_____

(8) Petitions which do not conform to these instructions will be returned with
a notation as to the deficiency.

*If you are proceeding in forma pauperis, only the original petition needs to
be filed with the Court.

PETITION

1.  Name and location of court which entered the judgment of conviction under
attack MONTGOMERY COUNTY CIRCUIT COURT _____

2.  Date of judgment of conviction _____

3.  Length of sentence ___30 Years_____   Sentencing Judge __Reese_____

4.  Nature of offense or offenses for which you were convicted:_____
Murder
_____
_____

5.  What was your plea?  (check one)
(a) Not guilty  (  )
(b) Guilty      (XX)
(c) Nolo contendere  (  )
If you entered a guilty plea to one count or indictment, and a not guilty
plea to another count or indictment, give details: _____
_____
_____

6. Kind of trial:  (Check one)
   (a) Jury ( )
   (b) Judge only (XX)

7. Did you testify at the trial? Yes ( )   No (XX)

8. Did you appeal from the judgment of conviction? Yes ( X)  No ( )

9. If you did appeal, answer the following: N / A to this proceeding
   (a) Name of court_____
   (b) Result _____
   (c) Date of result _____
   If you filed a second appeal or filed a petition for certiorari in the
   Supreme Court, give details:_____
   _____
   _____
   _____
   _____

10. Other than a direct appeal from the judgment of conviction and sentence, have
    you previously filed any petitions, applications, or motions with respect
    to this judgment in any court, state or federal? Yes ( ) No ( )

11. If your answer to 10 was "yes", give the following information:
    (a)(1) Name of court___Montgomery County Circuit Court_____
       (2) Nature of proceeding___Rule 32 Petition_____
       (3) Grounds raised__Violation of double jeopardy by reinstating
           a sentence after nolle prossed for reindictment._____
           _____
           _____
           _____
           _____
       (4) Did you receive an evidentiary hearing on your petition, application
           or motion? Yes ( ) No (XX)
       (5) Result ___Denied_____
       (6) Date of result _____
    (b) As to any second petition, application or motion give the same infor-
        mation:
       (1) Name of court_____
       (2) Nature of proceeding_____
       (3) Grounds raised_____
           _____
           _____
           _____
           _____
           _____
       (4) Did you receive an evidentiary hearing on your petition, application
           or motion? Yes ( ) No ( )
       (5) Result_____
       (6) Date of result_____

(c) As to any third petition, application or motion, give the same infor-
mation:
(1) Name of court _____
(2) Nature of proceeding _____

(3) Grounds raised _____
_____
_____
_____
_____
_____
_____

(4) Did you receive an evidentiary hearing on your petition, application
or motion?  Yes ( )  No ( )
(5) Result _____
(6) Date of result _____
(d) Did you appeal to the highest state court having jurisdiction the result
of any action taken on any petition, application or motion:
(1) First petition, etc.          Yes (XX)  No ( )
(2) Second petition, etc.         Yes ( )   No ( )
(3) Third petition, etc.          Yes ( )   No ( )
(e) If you did not appeal from the adverse action on any petition, applica-
tion or motion, explain briefly why you did not: _____
_____
_____
_____
_____
_____

12.  State concisely every ground on which you claim that you are being held
unlawfully.  Summarize briefly the facts supporting each ground.

    CAUTION:  In order to proceed in the federal court, you must ordinarily first
              exhaust your state court remedies as to each ground on which you
              request action by the federal court.  As to all grounds on which you
              have previously exhausted state court remedies, you should set them
              forth in this petition if you wish to seek federal relief.  If you
              fail to set forth all such grounds in this petition, you may be
              barred from presenting them at a later date.

    For your information, the following is a list of the most frequently raised
grounds for relief in habeas corpus proceedings.  Each statement preceded by
a letter constitutes a separate ground for possible relief.  You may raise
any grounds which you may have other than those listed if you have exhausted
all your state court remedies with respect to them.  However, you should
raise in this petition all available grounds (relating to this conviction)
on which you base your allegations that you are being held in custody unlaw-
fully.

    If you select one or more of these grounds for relief, you must allege
facts in support of the ground or grounds which you choose.  Do not check
any of the grounds listed below.  The petition will be returned to you
if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

X (g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A.  Ground one: ___See Attachment Sheets___

Supporting FACTS (tell your story briefly without citing cases or law): ___See Attachment Sheets___

B.  Ground two: _____

Supporting FACTS (tell your story briefly without citing cases or law): _____

C.  Ground three: _____

_____

Supporting FACTS (tell your story briefly without citing cases or law): _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

D.  Ground four: _____

Supporting FACTS (tell your story briefly without citing cases of law): _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

13.  If any of the grounds listed in 12A, B, C, and D were not previously pre-
     sented in any other court, state or federal state briefly what grounds were
     not so presented, and give your reasons for not presenting them: _____

_____
_____
_____
_____
_____
_____
_____
_____
_____

14.  Do you have any petition or appeal now pending in any court, either state
     or federal, as to the judgment under attack? Yes ( XX)  No (  )

15.  Give the name and address, if known, of each attorney who represented you in
     the following stages of the judgment attacked herein:
     (a) At preliminary hearing  N/A _____

     (b) At arraignment and plea  N/A _____
_____

(c) At trial __N/A__

(d) At sentencing __N/A__

(e) On appeal __pro se__

(f) In any post-conviction proceeding __pro se__

(g) On appeal from any adverse ruling in a post-conviction proceeding: __N/A__

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ( ) No ( XX

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ( ) No ( X )
(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) And give date and length of sentence to be served in the future: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ( ) No ( )

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare ( or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on __6 - 13 - 65__
                                                        (date)

_____
Signature of Petitioner

A Ground one: Violation against the privilege against double jeopardy, whereas the trial court nolle prossed petitioner's conviction an sentence for reindictment purposes.

SUPPORTING FACTS:

Charles Peterson was indicted for capital murder. In 1997 he pled guilty to felony-murder and first degree robbery. The trial court sentenced him to serve consecutive terms of thirty years in prison on the felony-murder conviction and twenty years in prison on the first degree robbery conviction. On July 25, 2000, Peterson filed a Rule 32 petition, challenging his convictions. After the State responded, the circuit court summarily dismissed his petition. On August 31, 2001, the Court of Criminal Appeals remanded the case for the circuit court to make specific written findings of fact regarding the Petitioner's double jeopardy claim. See **Peterson v. State**, 842 So.2d 734 (Ala.Crim.App.2001).

On remand, the circuit court did not make specific findings of fact regarding the Petitioner's double jeopardy claim. Rather, it simply stated that the Petitioner's claim was precluded and was without merit. However, the petitioner alleged that he was indicted for murder made capital because he committed it during the course of a robbery. He asserted that he was convicted of felony-murder, for which the underlying offense was robbery, and first-degree robbery. Therefore, he concluded that his conviction for both offenses violated double jeopardy principles.

The Court of Criminal Appeals remanded again with instructions for the Circuit Court to make specific findings, and to this time include copies of the indictment, the amended indictment, the plea agreement, and the transcript of the plea proceedings. See **Peterson v. State**, 842 So.2d 734, 735 (Ala.Crim.App.2001). On December 17, 2001, the circuit court submitted its return to this court's second remand. The Court of Criminal Appeals, remanded the case again, See **Peterson v. State**, 842 So.2d at 736, to make specific, written findings of fact as to whether the felony-murder conviction was based on the underlying burglary or robbery.

On the Return of the Third Remand, the Court asserted, "It appears that the circuit court's actions exceeded the scope of our remand order and that the circuit court did not have jurisdiction to set aside both of the appellant's convictions and to reinstate the indictment against him. Therefore, its order setting aside both of the appellant's convictions and reinstating the indictment against him is void.

Because the circuit court did not comply with our instructions, we must again remand this case to the circuit court with instructions that the court make specific, written findings of fact as to whether the felony-murder conviction was based on an underlying burglary or robbery."

Additionally, the Court noted that it had instructed the circuit court to set aside the appellant's robbery conviction it

-2-

determined that the felony-murder conviction was based upon an underlying robbery and the same robbery provided the basis for the appellant's felony-murder conviction and his robbery conviction.

In September, 2002, the circuit court nolle prossed the Petitioner convictions and sentences, and reindicted him for capital murder, and several other underlying offenses. The Alabama Supreme Court granted the Petitioner's Writ of Certiorari for petitioner's original felony-murder conviction to remain valid and to dismiss the September, 2002 indictments based upon double jeopardy. Yet, the State indicted Peterson still again for the offense of burglary in the first degree, (State of Alabama v. Charles Peterson, CC-04-0869 (Circuit Court No.), in connection with the same 1995 indictments. The Circuit Court dismissed the burglary indictment and the State appealed, (currently pending in the Alabama Court of Criminal Appeals).

When all of the State's vindictive measures failed, the State was allowed to re-instate a nolle processed sentenced, which the State lacked the legal bearing to tamper with in the first place. The Petitioner was released totally from his sentence and removed from the confinement of the Alabama Department of Corrections. Once he successfully litigated his August, 2002 indictments, Petitioner's conviction should have been reinstated, but not the sentence, which the State had broken.

-3-