RECEIVED

2005 JUN 27 A 10: 23

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DIST. ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES LOUIS PETERSON, AIS# 193772, | ) ) |
| PETITIONER, | ) ) |
| V. | ) )  2:05-CV-567-F ) |
| GWENDOLYN C. MOSLEY, et al., | ) ) |
| RESPONDENT. | ) |

## RESPONSE TO COURT'S ORDER OF JUNE 27, 2005

Comes now the Petitioner, Charles Peterson, by and through himself in the above entitled cause and moves this Court pursuant to its order of June 27, 2005, advising the Petitioner to file an amendment to his petition which advises how his conviction and sentence for felony-murder is violative of double jeopary. The Petitioner enters said response as follows:

The Petitioner filed a Rule 32 Petitioner, pursuant to the Alabama Rules of Criminal Procedure, in 2000, alleging that his then conviction for felony-murder and robbery, was a product of double jeopardy, and the Court of Criminal Appeals ordered the

Circuit Court to dismiss the robbery conviction and and sentence. However, the trial court allowed the State to redict the Petitioner for capital murder, in 2002, and burglary in 2004, based upon prosecutor vindictiveness, tending to increase punishment, which had no legal basis for stopping execution of a valid sentence. The State moved to nolle prosse the capital murder indictment, which the petitioner was serving thirty (30) years for felony-murder. See **Peterson v. State**, 842 So.2d 734 (Ala.Crim.App.2001).

In March 2002, the State obtained a second indictment against the petitioner, charging him with the capital offense of robbery-murder, the capital offense of burglary-murder, and conspiracy to commit robbery. It then moved to set aside the petitioner's felony-murder and robbery convictions to **nol pros** the original indictment. The trial court granted the state's motion. The petitioner moved to dismiss the new indictment and to reinstate his original felony-murder conviction, and the trial court denied that motion.

Petitioner file a writ of mandamus with the Alabama Court of Criminal Appeals, asking that court to direct the trial court to dismiss the March 2002 indictment and to reinstate his original felony-murder conviction. See **Ex parte Peterson**, 890 So.2d 990 (Ala.2004).

The trial court reinstated the petitioner's conviction and sentence, and the state reindicted again for Burglary I, which is pending in the Alabama Court of Criminal Appeals.

All measures which occurred, was by the prosecutor vindictiveness, because the petitioner filed a Rule 32 petition, which released him from his robbery conviction. When the measures failed, the State motioned for the sentenced to be re-instated, yet, the Alabama Suprme Court only instructed that the conviction be reinstated, after the record is clear that the indictment was nol pros, and the sentence execution was stopped. The trial court erred when it re-attached the sentence after the state failed at it's attempt to increase punishment. Clearly, the court could order that the conviction be reinstated, where Peterson had previously served at least seven (7) years on the conviction, before the state moved to nol pros. But when the State broke execution of the sentence, the sentence would then end.

Peterson was released totally from the sentence and removed from the confinement by the Alabama Department of Corrections. It is well settled that when a prisoner is released prior to service or expiration of his sentence through no fault or connivance of his own and the authorities make no attempt over a prolonged period of time to reacquire custody over him. In **Piper v. Estelle**, 485 F.2d 245, 246 (5th Cir. 1973), it states a convicted person

will not be excused from serving his sentence merely because someone in a ministerial capacity makes a mistake with respect to its execution. Several additional factors must be present before relief will be granted--the result must not be attributable to the defendant himself; the action of the authorities must amount to more than simple neglect; and the situation brought about by defendant's release and his reincarceration must be unequivocally inconsistent with fundamental priciples of liberty and justice.

To reinstate the petitioner's sentence, clearly after his sentence had been nol pros, and Peterson re-indicted, violates the principles of double jeopardy.

Wherefore, the premises considered the Petitioner prays this satisfies the directive of this Court.

Dated: 22 June 2005

Respectfully submitted,

*Charles Peterson*

Charles Peterson
193772
200 Wallace Drive
Easterling Prison
Clio, Alabama 36017-2615