IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHARLES LOUIS PETERSON,    )
AIS #193772,               )
                           )
        PETITIONER,        )
                           )
VS.                        )    CIVIL ACTION NO.
                           )    2:05-CV-567-F
                           )
GWENDOLYN C. MOSLEY, et al.,  )
                           )
        RESPONDENTS.       )

## ANSWER

Come now the Respondents in the above-styled cause by and through the

Attorney General for the State of Alabama and in response to this Honorable

Court's Order to Show Cause state the following:

## PROCEDURAL HISTORY

1. Petitioner was indicted for capital murder in 1995 and in 1997 he pleaded

guilty to felony-murder and first degree robbery in the Circuit Court of

Montgomery County, Alabama.  He was sentenced to consecutive terms of thirty

years imprisonment (felony-murder) and twenty years imprisonment (robbery I).

On July 25, 2000, Petitioner filed a Rule 32 petition challenging those convictions

that were dismissed by the circuit court. <u>Peterson v. State</u>, 842 So. 2d 734, 735 (Ala. Crim. App. 2002). (Exhibit A)

2. On appeal of the denial of the Rule 32 petition, Petitioner raised a claim of double jeopardy. After a series of remands for findings, the circuit court determined that the convictions were based upon the same set of facts and vacated the robbery conviction. (Exhibits "A" & "B", <u>Peterson v. State</u>, 884 So. 2d 924, 925 (Ala. Crim. App. 2003)). The State moved to set aside Petitioner's felony murder conviction and the circuit court granted that motion. Petitioner was indicted a second time for capital murder during the course of a robbery, capital murder during the course of a burglary, and for conspiracy to commit robbery. The State then moved to nol pros the first indictment charging capital murder that had been amended when Petitioner originally pleaded guilty to felony murder and robbery. Petitioner sought to have the second indictment dismissed arguing that jeopardy attached when he pleaded guilty to felony murder and robbery. The trial court denied Petitioner's motion to dismiss the second indictment and granted the State's motion to nol pros the first indictment. Petitioner then filed a petition for a writ of mandamus to get the trial court to grant his motion to dismiss the charges against him in the second indictment. (Exhibit "B")

3. On appeal, the Alabama Court of Criminal Appeals denied Petitioner's petition for writ of mandamus. (Exhibit "B") Petitioner filed a new petition for

writ of mandamus with the Supreme Court. (Exhibit "C", Ex parte Peterson, 890 So. 2d 990 (Ala. 2004).) The Alabama Supreme Court found that jeopardy had attached with the felony murder guilty plea and thus directed the trial court to dismiss the March 2002 indictment and to reinstate Petitioner's conviction for felony murder. (Exhibit "C")

4. Next, the trial court reinstated Petitioner's conviction and sentence for felony murder. On November 3, 2004, Petitioner filed a Rule 32 petition alleging that his sentence was improperly reinstated. This was summarily dismissed by the circuit court and on appeal the Alabama Court of Criminal Appeals affirmed the dismissal of the Rule 32 petition finding that the circuit court was authorized to reinstate Petitioner's sentence and thus his argument was without merit. (Exhibit "D") A petition for writ of certiorari was denied by the Alabama Supreme Court. (Exhibit "E")

## ARGUMENT

5. In the present federal habeas corpus petition, Petitioner alleges the exact same ground as alleged in the State's Rule 32 proceedings regarding the reinstatement of his sentence for felony murder after the reinstatement of the conviction at the direction of the Alabama Supreme Court. Federal habeas corpus relief cannot be granted with respect to claims that were adjudicated on the merits

by the state courts. 28 U.S.C. §2254(d). Because the present claim was presented to the state courts and adjudicated on the merits, the present habeas corpus action is due to be denied.

5. Moreover, Petitioner has failed to show that the state court's decision is contrary to clearly established federal law or is an unreasonable application of federal law. <u>Brown v. State</u>, 272 F.3d 1308, 1313 (11th Cir. 2001). No federal claim has been presented by Petitioner with respect to the reinstatement of his sentence.

6. For the reasons stated herein, the present federal habeas corpus petition is due to be dismissed and denied.

# EXHIBITS

1. Exhibit "A" – <u>Peterson v. State</u>, 842 So. 2d 734 (Ala. Crim. App. 2002);

2. Exhibit "B" – <u>Peterson v. State</u>, 884 So. 2d 924 (Ala. Crim. App. 2003);

3. Exhibit "C" – <u>Ex parte Peterson</u>, 890 So. 2d 990 (Ala. 2004);

4. Exhibit "D" – Memorandum opinion, CR-03-0390;

5. Exhibit "E" – Certificate of judgment, writ denied, CR-04-0390.

Respectfully submitted,

TROY KING, ASB #KIN047
*Attorney General*
By-


<u>/s/Cecil G. Brendle, Jr.</u>
*Assistant Attorney General*
Cecil G. Brendle, Jr.
ID #BRE005

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of August, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  Charles Louis Peterson, AIS 193772, 200 Wallace Drive, Clio, AL  36017-2615.

Respectfully submitted,

/s/Cecil G. Brendle, Jr. (CGB005)
Cecil G. Brendle, Jr. (CGB005)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848
E-Mail:  cbrendle@ago.state.al.us

213790/82870-001