Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals
State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-04-0390          Montgomery Circuit Court CC-95-2406.63

Charles Louis Peterson v. State of Alabama

Baschab, Judge.

The appellant was indicted for capital murder. In 1997, he pled guilty to felony-murder and first-degree robbery. The trial court sentenced him to serve consecutive terms of thirty years in prison on the felony-murder conviction and twenty years in prison on the first-degree robbery conviction. He did not appeal his convictions.

On July 25, 2000, the appellant filed a Rule 32 petition, challenging his convictions. After the State responded, the circuit court summarily dismissed his petition, and the appellant appealed the dismissal to this court. On August 31, 2001, we remanded that case for the circuit court to make specific, written findings of fact regarding the appellant's claim that his convictions for felony-murder and first-degree


EXHIBIT D

robbery violated double jeopardy principles.  See Peterson v. State, 842 So. 2d 734 (Ala. Crim. App. 2001).  Subsequently, the circuit court found that the appellant's felony-murder conviction was based upon an underlying robbery and that the same robbery provided the basis for the felony-murder conviction and the first-degree robbery conviction. Therefore, the circuit court vacated the appellant's first-degree robbery conviction and sentence.

In March 2002, the State obtained a second indictment against the appellant, charging him with the capital offense of robbery-murder, the capital offense of burglary-murder, and conspiracy to commit robbery.  It then moved to set aside the appellant's felony-murder and robbery convictions and to nol pros the original indictment.  The trial court granted the State's motion.  The appellant moved to dismiss the new indictment and to reinstate his original felony-murder conviction, and the trial court denied that motion.

Subsequently, the appellant filed a petition for a writ of mandamus with this court, asking this court to direct the trial court to dismiss the March 2002 indictment and to reinstate his original felony-murder conviction.  This court denied his petition.  See Ex parte Peterson, 884 So. 2d 924 (Ala. Crim. App. 2003).  The appellant then filed a petition for a writ of mandamus in the Alabama Supreme Court, asking that court to direct the trial court to dismiss the March 2002 indictment and to reinstate his felony-murder conviction.  The supreme court granted his petition and directed the trial court to dismiss the March 2002 indictment and to reinstate his felony-murder conviction.  See Ex parte Peterson, 890 So. 2d 990 (Ala. 2004).

Subsequently, the trial court reinstated the appellant's conviction and sentence for felony-murder.  On November 3, 2004, the appellant filed a Rule 32 petition, challenging his sentence.  After the State responded, the circuit court summarily dismissed his petition.  This appeal followed.

The appellant argues that the trial court improperly reinstated his sentence for the felony-murder conviction.  In its order dismissing the petition, the circuit court found as follows:

2

> "Petitioner's conviction for felony murder was reinstated by the Court at the direction of the Alabama Supreme Court. The petitioner makes a bare accusation that this court erred in reinstating the original sentence for the conviction when the Alabama Supreme Court did not order the sentence to be reinstated.
>
> "... This court had the authority to sentence the petitioner in accordance with statutory range for the convicted offense. When the Alabama Supreme Court ordered that this court reinstate the original conviction, this court also had the responsibility to reinstate the sentence the petitioner received for the offense. The sentence imposed on the petitioner was within the statutory authority, so this court had the proper jurisdiction to impose the sentence on the petitioner."

C.R. 21-22.) We adopt the circuit court's findings as part of this memorandum. Obviously, the trial court was authorized to reinstate the appellant's sentence when it reinstated his conviction. Therefore, the appellant's argument is without merit, and the circuit court properly summarily dismissed his petition. See Rule 32.7(d), Ala. R. Crim. P. Accordingly, we affirm the circuit court's judgment.

**AFFIRMED.**

McMillan, P.J., and Cobb, Shaw, and Wise, JJ., concur.