IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES LOUIS PETERSON, ) | |
| AIS #193772, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05-CV-567-F |
| ) | |
| GWENDOLYN C. MOSLEY et al., ) | |
| ) | |
| Respondents. ) | |

## ORDER

The respondents filed an answer and supporting evidentiary materials in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*, in which they contend that the present habeas corpus petition is due to be denied because the claim raised therein provides no basis for relief. Specifically, the respondents argue that the state courts properly adjudicated the petitioner's claim on the merits. *See Williams v. Taylor*, 529 U.S. 362, 404-405, 120 S.Ct. 1495, 1518- 1523 (2000). As support for this assertion, the respondents maintain that the decisions of the state courts on the petitioner's challenge to his sentence were not contrary to or an unreasonable application of federal law nor an unreasonable determination of the facts in light of the evidence presented to the state courts.

In sum, § 2254(d)(1) places new constraints on the power of a federal court to grant a state prisoner's application for habeas corpus relief with respect to those claims adjudicated on the merits in state court. The statute allows this court to grant a writ of habeas corpus only "if the relevant state-court decision was either (1) '*contrary to ...* clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) '*involved an unreasonable application of ...* clearly established Federal law, as determined by the Supreme Court of the United States.' (Emphases added.)" *Williams v. Taylor*, 529 U.S. at 404-405, 120 S.Ct. at 1519. "Under § 2254(d)(1) and the *Williams* decision, [a federal court] can grant relief only if the state court decision denying relief is 'contrary to' clearly established federal law or is an 'unreasonable application' of federal law." *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). In the vast majority of cases, a federal district court will be faced with the contention that the state court unreasonably applied federal law.

> In determining whether the state court's decision is an unreasonable application of the law set out in [applicable] Supreme Court decisions, we need not decide whether we would have reached the same result as the state court if we had been deciding the issue in the first instance. Instead, we decide only whether the state court's decision of the issue is objectively unreasonably. *See Williams v. Taylor*, 529 U.S. 362, 411, 120 S.Ct. 1495, 1522, 146 L.Ed.2d 389 (2000) ("Under §2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be

> unreasonable."); *Brown v. Head*, 272 F.3d 1308, [1313] (11th Cir. 2001)("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").

*Wright v. Secretary for the Dept. of Corrections*, 278 F.3d 1245, 1256 (11th Cir. 2002). Additionally, the statute makes it clear that a federal court cannot grant relief with respect to claims adjudicated on the merits by the state courts "unless the adjudication of the claim . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

Accordingly, it is

ORDERED that on or before August 23, 2005 the petitioner may file a response to the answer filed by the respondents. Any pleadings, documents or evidence filed after this date will not be considered by the court except in exceptional circumstances. At any time after August 23, 2005, the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the petition as justice shall require." Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

The petitioner is instructed that when responding to the respondents' answer he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts which demonstrate that the petitioner is entitled to relief on those grounds presented in the habeas corpus petition. If documents which have not previously been filed

with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When the petitioner attacks the respondents' answer by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

Done this 3rd day of August, 2005.


/s/ Delores R. Boyd
UNITED STATES MAGISTRATE JUDGE