RECEIVED

2005 AUG 15 A 9:37

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES LOUIS PETERSON, AIS# 193772, | ) |
| PETITIONER, | ) |
| VS. | ) CIVIL ACTION NO. 2:05-CV-567-F |
| GWENDOLYN C. MOSLEY, et al., | ) |
| RESPONDENTS. | ) |

## OPPOSITION TO THE RESPONDENT'S ANSWER

COMES NOw the Petitioner, Charles Peterson, by and through himself in the above entitled cause and moves this Court to set aside the Respondent's Answer, which didn't address the issues raised by merit, and allow this matter to continue for further proceedings. The Petitioner states the following in support:

The Petitioner agrees to the entries made by the respondent's in items 1 through 4, however, the record is needs to be supplemented as follows:

In June, 2004, the State of Alabama indicted Peterson for the offense of Burglary in the first degree. (State of Alabama v. Charles Peterson, Case Number: CC-04-0869, Circuit Court of

Montgomery County, Alabama), in connection with the same 1995 offense and based upon the same facts and circumstances as in the original 1995 capital murder indictment. On or about August 18, 2004, the trial court dismissed the burglary indictment and the state appealled. This case is currently in the Alabama Court of Criminal Appeals awaiting decision.

There is no merit to the states contention that Petitioner has failed to show that the state court's decision is contrary to clearly established federal law or is an unreasonable application of federal law, nor is there merit to the assertion that the issue was decided on the merits.

This Court should acknowledge that Peterson was released totally from his sentence and removed from the custody of the Alabama Department of Corrections, from case number CC-95-2406.62 and placed in custody for CC-02-0248. Petitioner was forced to defend against new charges and after much litigation prevailed in demonstrating that the additional 2002 indictment was a violation of double jeopardy. Yet, still the state indicted again for burglary in the first degree.

The expiration of the Petitioner's sentence was through no fault or connivance of his own, see **White v. Pearlman**, 42 F.2d 788 (10th Cir. 1920); **Bailey v. Ciccone**, 420 F.Supp. 344, 247 (W.D. Mo. 1976); **Albori v. United States**, 67 F.2d 4 (9th Cir.

1933); <u>Smith v. Swope</u>, 91 F.2d 260 (9th Cir. 1937); <u>Shields v. Beto</u>, 370 F.2d 1003 (5th Cir. 1967);

The history of this case, demonstrates "PROSECUTOR VINDICTIVENESS", with respect to the district attorney's office of the Fifteenth Judicial Circuit.

The Respondent's own Exhibits A, B and C, clearly demonstrates that the Office of the District attorney continued to refuse to follow the instructions of the Alabama Court of Criminal Appeals. It was only after the reindictment of 2002 was finally ordered by the Alabama Supreme Court to be in violation of the principles of double jeopardy that the state then decided to follow the instructions given them in the first remand. However, still, out of vindictiveness of the district attorney's office indicted the petitioner again for burglary in the first degree, pending in the Alabama Court of Criminal Appeals.

This case deals closely with <u>Piper v. Estelle</u>, 485 F.2d 245, 246 (5th Cir. 1973), it states a convicted person will not be excused from serving his sentence merely because someone in a ministerial capacity makes a mistake with respect to its execution. Several additional factors must be present before relief will be granted. The result must not be attributable to the defendant himself; the action of the authorities must amount to more than simple neglect; and the situation brought about by defendant's release and his reincarceration must be unequivocally

inconsistent with fundamental principles of liberty and justice.

The United State Supreme Court in <u>Blackledge v. Perry</u>, 417 US 21, 40 L.Ed 2d 628, 94 S Ct 2098 ruled that a person of an offense in entitled to pursue his statutory right to a trial de novo without apprehension that the state will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration. As in this case, the state in <u>Blackledge</u>, id. he appealed from a misdemeanor conviction, entitling him to a trial de novo, the state denied due process by bringing a felony charge against him for the same conduct, and could not show that it was possible to proceed on the felony charge at the outset.

Peterson, filed a post conviction remedy on his convictions for murder and robbery, which violated double jeopardy and was reindicted for capital murder and later burglary first degree, also violating the due process and double jeopardy standards, for invoking his right to post-conviction remedies.

We observe this same level of conduct in the cases of <u>Thigpen v. Robertsu</u>, 82 L.Ed 2d 23 (1984); <u>wasman v. United State</u>, 82 L.Ed 2d 424 (1984); <u>Meachum v. Longval</u>, 76 L.Ed 2d 364 (1982).

The Court in <u>United States v. Brown</u>, 298 F.3d 392 (2002) ruled that the context of the entire proceeding includes the

timing of the prosecutor's decision. <u>Johnson</u>, 91 F.3d at 698. While the general standard articulated in Krezdorm makes no distinction between pre-trial and post-trial decisions, the Supreme Court has observed that a change in the charging decision made after an initial trial is completed is much more likely to be improperly motivated than is a pretrial decision. <u>United States v. Goodwin</u>, 457 US 368, 381-82, 102 S.Ct. 2485, 2492-93, 72 L.Ed 2d 74 (1982).

The previous courts have failed completely to address the issue of "prosecutor vindictiveness" although claimed throughout the process of this action. The Petitioner here has shown that his pleadings has merit and that he is proper before this court.

Respectfully submitted,

*Charles Peterson*

Charles Peterson
193772
200 Wallace Drive
easterling CF
Clio, Alabama 36017-2615

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the Office of the Alabama Attorney General, by placing a copy of the same in the prison mail room for United States Mail, on this 12 day of August, 2005.

*Charles Peterson*