IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES LOUIS PETERSON, ) | |
| AIS #193772, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACT ION NO. 2:05-CV-567-WKW |
| ) | [WO] |
| ) | |
| GWENDOLYN C. MOSLEY, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

This cause of action is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Charles Louis Peterson ["Peterson"], a state inmate, on June 13, 2005. In this petition, Peterson challenges a 1997 conviction and sentence imposed upon him for felony- murder by the Circuit Court of Montgomery County, Alabama. The trial court sentenced Peterson to thirty years imprisonment for this conviction.

This case entails a protracted post-conviction history in the state courts which is best summarized by the Alabama Supreme Court as follows:

> For the factual background of this case, *see Peterson v. State*, 842 So.2d 734 (Ala.Crim.App. 2001) ("*Peterson I*"), and *Ex parte Peterson*, 884 So.2d 924 (Ala.Crim.App. 2003 ("*Peterson II*"). This case arises out of the murder, in which Peterson and other individuals participated, of "Eddie Allen, the manager of a Burger King fast-food restaurant." *Peterson II*, 884 So.2d at 925. In 1995, a grand jury returned a one-count, capital-murder

indictment against Peterson for the intentional murder of Allen during the course of a robbery. *Id.* at 925. In May 1997, pursuant to a blind plea agreement, Peterson's indictment was amended to charge, and he pleaded guilty to, (1) felony murder and (2) first-degree robbery. He was sentenced to 30 years' imprisonment and 20 years' imprisonment, respectively; the sentences were to be served consecutively.

In July 2000, Peterson filed a Rule 32, Ala. R.Crim. P., petition challenging his ***robbery*** conviction. Specifically, he contended that he was indicted for murder made capital because he committed it during the course of a robbery. *See* § 13A-5-40(a)(2), Ala.Code 1975. He further asserted that he was convicted of first-degree robbery and felony murder, for which the underlying offense was robbery. *Peterson I*, 842 So.2d at 736. Therefore, he argued, his conviction for both felony murder and the underlying offense of robbery violated the constitutional guarantees against double jeopardy. *Id.* The Court of Criminal Appeals remanded the case for further factual findings, stating that "if [Peterson's] convictions for both felony-murder and first-degree robbery were based on the same robbery, his convictions for both offenses violate double jeopardy principles." *Id.*

On remand, the State conceded "that the felony-murder conviction and the robbery conviction were both based upon the same robbery and ... that, based on [the remand instructions], the circuit court must set aside the robbery conviction and sentence." *Id.* at 739 (opinion on return to third remand). The State also convened a grand jury, which, on March 8, 2002, returned a three-count indictment against Peterson, charging (1) capital murder during the course of a robbery, (2) capital murder during the course of a burglary, and (3) conspiracy to commit robbery. The State then moved to set aside both the felony-murder conviction and the robbery conviction and to nol-pros the original one-count capital-murder indictment.

Peterson objected to the dismissal of the felony-murder conviction, and moved to dismiss the March 2002 indictment. The trial court granted the State's motions and denied Peterson's motion. Peterson petitioned the Court of Criminal Appeals for a writ of mandamus directing the trial court to dismiss the March 2002 capital-murder indictment and to reinstate his felony-murder conviction. The Court of Criminal Appeals denied the petition. *Peterson II*. Peterson now seeks the same relief from this Court.

Peterson contends that there was no basis on which to set aside his felony-murder conviction and that any prosecution under the March 2002 indictment violates the principle of double jeopardy.... We agree with Peterson.

> \*\*\*
> Here, ... the amended indictment was *not* void, because felony murder in which robbery is the underlying felony is, indeed, a lesser-included offense of intentional murder during the course of a robbery. The trial court had jurisdiction, therefore, to accept the guilty plea to felony murder on the amended indictment, but it had no authority to accept the March 2002 reindictment.
> For these reasons, the petition for a writ of mandamus is granted, and the trial court is directed to dismiss the March 2002 indictment against Peterson and to reinstate his conviction for felony murder.

*Ex parte Peterson*, 890 So.2d 990, 991-994 (Ala. 2004) (emphasis in original) (footnote omitted).

Pursuant to the instructions of the Alabama Supreme Court in granting the writ of mandamus requested by Peterson, the Circuit Court of Montgomery County dismissed the March 2002 indictment and reinstated Peterson's conviction and sentence for felony-murder arising from the amended two-count indictment. On November 3, 2004, Peterson filed a Rule 32 petition in which he argued that the trial court "violat[ed] double jeopardy by reinstating a sentence [for felony-murder] after [the indictment for such offense had been] nolle prossed for reindictment." *Petition for Habeas Corpus Relief - Court Doc. No. 1* at 3. In the instant habeas petition, Peterson continues this challenge to reinstatement of the sentence for felony-murder. In support of this argument, Peterson asserts that the sentence violated double jeopardy because "the Alabama Supreme Court only instructed that the conviction be reinstated, after the record is clear that the indictment was nol pros, and the sentence execution was stopped.... To reinstate the petitioner's sentence, clearly

after his sentence had been nol pros, and Peterson re-indicted, violates the principles of double jeopardy." *Amendment to Petition for Habeas Corpus Reilef* at 3-4.[1]

The trial court summarily dismissed Peterson's November 3, 2004 Rule 32 petition. Peterson appealed the denial of this Rule 32 petition and the Alabama Court of Criminal Appeals issued a memorandum opinion on March 4, 2005 affirming the trial court's decision to deny post-conviction relief. *Respondents Exhibit D - Peterson v. State*, 925 So.2d 1019 (Ala.Crim.App.) (table decision), *cert. denied*, *Ex parte Peterson*, 926 So.2d 385 (Ala. 2005). This memorandum opinion, in pertinent part, reads as follows:

> [Peterson] argues that the trial court improperly reinstated his sentence for the felony-murder conviction. In its order dismissing the petition, the circuit court found as follows:
>> "Petitioner's conviction for felony murder was reinstated by the Court at the direction of the Alabama Supreme Court. The petitioner makes a bare accusation that this court erred in reinstating the original sentence for the conviction when the Alabama Supreme Court did not order the sentence to be

---

[1]Although Peterson alleges that his sentence for felony-murder is based on a conviction arising from an indictment the trial court nol prossed, this assertion is patently incorrect and refuted by the record before this court. Instead, the felony-murder conviction arose from the 1997 amended indictment, not the original one-count indictment issued in 1995 for capital murder which indictment the trial court ordered nol prossed upon motion of the State. *Ex parte Peterson*, 890 So.2d 990, 991 (Ala. 2004) ("In 1995, a grand jury returned a one-count, capital-murder indictment against Peterson for the intentional murder of Allen during the course of a robbery.... In May 1997, pursuant to a blind plea agreement, Peterson's indictment was amended to charge ... (1) felony murder and (2) first degree robbery."). Moreover, the Alabama Supreme Court, acting on a petition for writ of mandamus filed by Peterson seeking dismissal of the March 2002 indictment and reinstatement of his felony-murder conviction, vacated the order of the trial court setting aside Peterson's felony-murder conviction and mandated dismissal of the March 2002 reindictment. *Id*. at 994. The court therefore specifically directed the trial court "to reinstate [Peterson's] conviction for felony murder." *Id*. In so doing, the Alabama Supreme Court determined "[t]he trial court had jurisdiction ... ***to accept the guilty plea to felony murder on the amended indictment***, but it had no authority to accept the March 2002 reindictment." *Id*. In light of this action by the Alabama Supreme Court, it is as though the dismissal of Peterson's felony murder conviction and subsequent reindictment never occurred.

>   reinstated.
>        "... This court had the authority to sentence the petitioner in accordance with [the] statutory range for the convicted offense. When the Alabama Supreme Court ordered that this court reinstate the original conviction, this court also had the responsibility to reinstate the sentence the petitioner received for the offense. The sentence imposed on the petitioner was within the statutory authority, so this court had the proper jurisdiction to impose the sentence on the petitioner."
>   We adopt the circuit court's findings as part of this memorandum. Obviously, the trial court was authorized to reinstate [Peterson's] sentence when it reinstated his conviction. Therefore, [Peterson's] argument is without merit, and the circuit court properly summarily dismissed his petition..... Accordingly, we affirm the circuit court's judgment.

*Respondents' Exhibit* D at 2-3 (citation to record omitted). The Alabama Court of Criminal Appeals denied Peterson's application for rehearing on March 25, 2005 and the Alabama Supreme Court denied his petition for writ of certiorari on May 13, 2005. *Respondents' Exhibit E - Ex parte Peterson*, 926 So.2d 385 (Ala. 2005) (table decision).

In their answer to the petition, the respondents argue that Peterson's challenge to reinstatement of his sentence for felony-murder does not entitle Peterson to federal habeas relief because the state courts properly adjudicated this claim on the merits. *Williams v. Taylor*, 529 U.S. 362, 404-405, 120 S.Ct. 495, 1518-1523 (2000). In support of this assertion, the respondents maintain that the decisions of the Montgomery County Circuit Court and the Alabama Court of Criminal Appeals in denying Peterson's 2004 Rule 32 petition are not contrary to or an unreasonable application of federal law nor an unreasonable determination of the facts in light of the evidence presented.

Upon review of the § 2254 petition, the answer of the respondents, Peterson's response to the answer and the opinions issued by the state courts, this court concludes that no evidentiary hearing is required and that the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II.  DISCUSSION

Peterson's request for federal habeas relief is governed by 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act.  *Price v. Vincent*, 538 U.S. 634, 638, 123 S.Ct. 1848, 1852 (2003) ("A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)."); *Williams v. Taylor*, 529 U.S. 362, 402, 120 S.Ct. 1495, 1518 (2000).  Under the requisite provisions of 28 U.S.C. § 2254(d), with respect to a claim adjudicated on the merits in state court, federal habeas relief from a state court judgment may not be granted unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams*, the Supreme Court held that:

> Under the "contrary to" clause a federal court may grant the

> writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. at 412-413, 120 S.Ct. 1523. The Court explained federal habeas relief is appropriate when a petitioner demonstrates "that a decision by a state court is 'contrary to' ... clearly established [Supreme Court] law if it 'applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.' *Williams v. Taylor*, 529 U.S. 362, 405-406, 120 S.Ct. 1495, 146 L.Ed. 2d 389 (2000)." *Price*, 538 U.S. at 640, 123 S.Ct. at 1853 (2003). Additionally, federal review in a habeas action "is limited to whether the state court's decision was objectively unreasonable in the light of clearly established federal law. *Williams*, [529 U.S. at 409],120 S.Ct. at 1521." *Hawkins v. Alabama*, 318 F.3d 1302, 1310 (11th Cir. 2003); *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001), citing *Williams*, *supra* ("[F]ederal habeas relief [is] available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'"). A federal district court is not to decide "the correctness *per se* ... of the state court decision" but only the "objective reasonableness" of the court's

decision. *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). Moreover, "an ***unreasonable*** application of federal law is different from an ***incorrect*** application of federal law." *Williams v. Taylor*, 529 U.S. at 410, 120 S.Ct. at 1522 (emphasis in original). "Under § 2254(d)(1)'s 'unreasonable application' clause, ... a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." 529 U.S. at 411, 120 S.Ct. at 1522.

Federal district courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)." *Price*, 538 U.S. at 639, 123 S.Ct. at 1852. The Supreme Court admonishes that such evaluation "exceeds the limits imposed on federal habeas review by 28 U.S.C. § 2254(d)...." 538 U.S. at 636, 123 S.Ct. at 1851.

With respect to Peterson's claim before this court, the record establishes that the

state courts addressed the merits of his challenge to reinstatement of the sentence for felony-murder. During proceedings related to his 2004 Rule 32 petition, both the Circuit Court of Montgomery County and the Alabama Court of Criminal Appeals adjudicated this claim adversely to Peterson on the merits. Specifically, the Alabama Court of Criminal Appeals, in adopting the decision of the circuit court, determined that "the trial court was authorized to reinstate [Peterson's] sentence when it reinstated his conviction. Therefore, [Peterson's] argument is without merit...." *Respondents' Exhibit D* at 3. The Alabama Supreme Court summarily affirmed the decision of the Alabama Court of Criminal Appeals. *Ex parte Peterson*, 926 So.2d 385 (Ala. 2005) (table decision). This court must therefore review the instant claim in accordance with the directives contained in 28 U.S.C. § 2254(d)(1) and (2).

   Peterson asserts that reinstatement of his sentence for felony murder is violative of double jeopardy because the trial court, at one point in the post-conviction proceedings, "nolle prossed petitioner's conviction and sentence [for felony-murder] for reindictment purposes." *Petition for Habeas Corpus Relief - Court Doc. No. 1* at 8. Initially, the court finds that this claim is based on an erroneous factual predicate. As previously noted, the Alabama Supreme Court, upon Peterson's petition for writ of mandamus, reversed the trial court's decision to dismiss Peterson's felony murder conviction and ordered that the reindictment be dismissed. *Ex parte Peterson*, 890 So.2d at 993-994. This decision

nullified the trial court's order setting aside the felony-murder conviction and voided the March 2002 reindictment thereby effectively rendering these actions of the trial non-existent. Thus, Peterson stands convicted of felony-murder in accordance with his guilty plea to the 1997 amended indictment and his sentence relates only to this conviction. Contrary to his allegation, no conviction or sentence occurred due to or based on the March 2002 reindictment.

Additionally, it is clear that the sentence imposed by the state court for felony-murder did not subject Peterson to double jeopardy. "The Fifth Amendment to the United States Constitution guarantees that no person 'shall be subject for the same offence to be twice put in jeopardy of life or limb,' U.S. Const. amend. V, and applies to the states through the Fourteenth Amendment, *e.g., Benton v. Maryland,* 395 U.S. 784, 787, 89 S.Ct. 2056, 2058, 23 L.Ed.2d 707 (1969). 'That guarantee ... consist[s] of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.' *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (footnotes omitted), *overruled on other grounds, Alabama v. Smith,* 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989)." *Williams v. Singletary*, 78 F.3d 1510, 1512 (11th Cir. 1996). Under the present facts of this case, Peterson has been subjected to only one

conviction, i.e., felony-murder, and one sentence for such conviction. The felony-murder conviction did not occur after acquittal for this same offense nor did it result from prosecution for felony-murder after conviction of this same offense or subsequent to conviction for an offense to which felony-murder is considered a lesser included offense. Multiple punishments have not been imposed for this conviction. Consequently, imposition of a single sentence for the felony-murder conviction did not run afoul of the Double Jeopardy Clause.

In denying Peterson relief on his double jeopardy challenge to imposition of sentence after reinstatement of the conviction for felony murder, the state courts did not "arrive[] at a conclusion opposite to that reached by [the Supreme] Court on a question of law" nor did the state courts "confront[] a set of facts ... materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrive[] at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. at 405-406, 120 S.Ct. at 1519-1520. Consequently, rejection of this claim by the state trial and appellate courts did not constitute a decision contrary to clearly established federal law. Moreover, a thorough review of the evidentiary materials submitted in this case establishes that the denial of Peterson's challenge to his sentence was objectively reasonable. The decisions issued by the Circuit Court of Pike County and the Alabama Court of Criminal Appeals likewise constituted reasonable determinations of the facts in light of the evidence presented by the

parties. Peterson is therefore due no relief from this court.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief filed by Charles Louis Peterson be DENIED.

2. This case be DISMISSED with prejudice.

It is further

ORDERED that on or before September 20, 2007 the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 10th  day of September, 2007.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE