IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHARLES LOUIS PETERSON,
AIS # 193772,

    PETITIONER,

V.                                        CIVIL ACTION NO. 2:05-CV-567-
                                                    WKW [WO]

GWENDOLYN C. MOSLEY,  et al.,

    RESPONDENTS.

## OPPOSITION TO THE RECOMMENDATION OF THE
## MAGISTRATE JUDGE

    COMES NOW the Petitioner, Charles Peterson, by and through himself in the

above entitled cause and moves this Court ot set aside the "Recommendation of the

Magistrate Judge", and set this matter for further proceedings. Petitioner agrees

with the history documented in the report, however, asserts that Petitioner did in

fact received a sentence of twenty (20) years for burglary pursuant to a

June 2004,  indictment, as a result of the elements in the 1995 indictment for capital

murder. State of Alabama v. Charles Peterson, Case Number CC-04-0869. The

Petitioner states in support the following:

    His conviction and sentence for burglary in the first degree, violates the

principles of double jeopardy. The facts alleged in the "Magistrate's Recommendation

are greatly mis-stated, and not supported by law. The expiration of the Petitioner's

sentence was through no fault or connivance of his own, See **White v. Pearlman**,

42 F.2d 788 (10th Cir. 1920); **Bailey v. Ciccone**, 420 F.Supp. 344, 347 (W.D.

No. 1976); **Albori v. United States**, 67 F.2d 4 (9th Cir. 1933); **Smith v. Swope**,

91 F.2d 260 (9th Cir. 1937); **Shields v. Beto**, 370 F.2d 1003 (5th Cir. 1967).

The conviction of the burgalry violates the due process clause of the Fifth

Amendment. In **Mobley v. Dugger**, 823 F.2d 1495, 1496-97 (11th Cir. 1987),

the Court ruled that a delay in the execution of a sentence can, under certain

circumstances amount to a due process violation under the waiver of jurisdiction

theory.

In this case, there was a delay of nine (9) years. The waiver or jurisdiction

theory is premised on the constitutional protection against arbitrary and capricious

official action. See **Camper v. Norris**, 36 F.3d 782, 784 (8th Cir. 1994).

Whereas the premises considered the Petitioner prays that this Court

reconsider the elements spoke of and order further proceedings in this action.

Respectfully submitted,

Charles Louis Peterson
193772
200 Wallace Drive
Easterling Correctional Facility
Clio, Alabama 36017

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the Office

of the Alabama Attorney Genral by placing a copy of the same in the United

States Mail, postage prepaid on this 19 day of September, 2007.

Petitioner



MONTGOMERY AL 361

20 SEP 2007 PM 1 L

Chris Peterson
195779#ED-5B
Easterling Correctional Facility
200 Wallace Dr.
Clio, AL 36017

Office of The Clerk
United States District
Court
P.O. Box 711

36101+0711