In The United States District Court
For The Middle District of Alabama
Northern Division

Charles Louis Peterson
Ais # 193770
  Petitioner

v.

Gwendolyn C. Mosely, et al;
  Defendants

Case No. 2:05-CV-567-WKW

RECEIVED
2007 DEC 11 A 11:39
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## Motion for a Certificate of Appealibility 28 U.S.C. § and Written Notice of Appeal

Comes Now the petitioner, Charles L. Peterson, by and through himself in the above entitled cause and moves this Court to grant Petitioners "Motion for a Certificate of Appealibility, in order that petitioner may proceed on appeal to the United States Court of Appeals, Eleventh Circuit. Therefore, this motion is entering a "Notice of Appeal," and in summary demostrating the issue to be tentatively raised. The Petitioner states in support the following:

The United States District Court denied the Petitioners Writ of Habeas Corpus on or about November 27, 2007, thereby granting the Magistrate Judges Recommendation. The Petitioner presents the following issues on appeal;

(1)

Whether the Petitioner sentence for Felony Murder was illegaly imposed upon Petitioner under The United States and Alabama Constitutions (1901) 1st, 5th, 6th, 8th, 10th and 14th amendments right?

Whether the U.S. District Court Judge abused discretion by adopting Magistrate Recomendation without citing authority?

## Issue for Relief or alternative for granting Appeal

This Court should acknowledge that petitioner was released from Case # CC-95-2406 and placed into custody for CC-02-0245. This act of Nolle Prosequi after jeopordy attacked brought on expiration of the (30) year sentence.

Clearly the court could order the conviction for Felony Murder to be reinstated where at time petitioner had previously served at least (7) years on conviction and sentence before the state moved to Nol Pros, but when the State broke execution of sentence, the sentence would then end.

The Court (Alabama Supreme Court) never ordered that Petitioners sentence be reinstated. In Lynch v. State 587 So 2d (Ala 1991), the court ruled that any act by a trial Court beyond the scope of appellate Courts remand is void for lack of jurisdiction. See also Ellis v. State, 705 So 2d 847 (Ala Crim App 1996), stating that on remand the trial Court had no jurisdiction to modify the original or base sentence or to take any action beyond the express mandate of this Courts order quoting from Anderson v. State 796 So 2d 1151 (Ala Crim App 2000).

Wherefore, the premises considered the petitioner prays this Court will grant the petitioners Certificate of Appealibility, Whereas He may proceed with this action on appeal

Dated: 12-09-07

Respectfully submitted

*Charles Peterson*

Charles Louis Peterson

CC
Attorney General, AL

Chale Jeferson 193712#E2-5D
Easterling Correctional Facility
200 Wallace Dr
Clio, AL 36017



Middle District of
Alabama Court Clerk
U.S. Court House
15 Lee St
Montgomery, AL 36104

36104+4086-99 C006